Stanley Chao
Law Offices of Stanley Chao
28 North First Street, Suite 400
San Jose, California 95113
Telephone: (408)297-2297
Facsimile:  (408)297-6956

Attorney for Plaintiff
YANG, Kuan-How
YANG, Jui-Ning

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Kuan-How YANG ) <br> Jui-Ning YANG ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> *Michael Chertoff,* Secretary of the Department ) <br> Of Homeland Security; ) <br> *Emilio T. Gonzalez,* Director U.S. Citizenship and ) <br> Immigration Services; ) <br> *Christina Poulos,,* San Francisco District Director, ) <br> U.S. Citizenship and Immigration Services: ) <br> *Robert S. Mueller, III* ) <br> Director of Federal Bureau of Investigation ) <br> ) <br> Defendants. ) <br> ) | Case No.: C07-02870 HRL <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGEMENT** <br><br> Magistrate Judge:  Honorable Howard R. Lloyd <br> Date:  November 20, 2007 <br> Time:  10:00 a.m. <br> Courtroom:  2 |

NOTICE OF MOTION

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

 NOTICE IS HEREBY GIVEN that this matter may be heard before the Honorable Howard R. Lloyd, located at 280 South First Street, San Jose, CA. The above captioned Plaintiffs will and hereby move the Court for summary judgment on the ground that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

## MOTION

Plaintiffs, Kuan-How Yang and Jui-Ning Yang, hereby move this Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is based on this Notice, the points and authorities in support of this motion, the complaint and documents attached thereto, and upon such other matters as may be presented to the Court at the time of the hearing.

## STATEMENT OF RELIEF SOUGHT BY PLAINTIFF

In their mandamus action, Plaintiffs seek summary judgment for the Court to enter an order requiring Defendants to expeditiously complete the security clearances on Plaintiffs' applications for adjustment of status and requiring the Citizenship and Immigration Services ("CIS") to process the cases to conclusion. Additionally, the Plaintiffs pray that the Court grant such other relief as may be just and appropriate including costs, and reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412.

## MEMORANDUM OF POINTS AND AUTHORITIES
## STATEMENT OF FACTS

Plaintiffs, Kuan-How Yang and Jui-Ning Yang, properly filed their I-485, Application to Adjust to Permanent Resident Status, with the CIS on December 09, 1997 and June 28, 2001 respectively based on an approved I-526 of the Principal. Despite the fact that the Principal's I-485 application has been approved on June 07, 2004, Plaintiffs' I-485 applications remain un-adjudicated.

During the course of their I-485 application, Plaintiff Kuan-How Yang had his biometrics taken with the CIS three times so far on December 29, 2004, October 27, 2005 and October 03, 2006 and Plaintiff Jui-Ning Yang had her biometrics taken with the CIS three times so far on January 31, 2002, January 15, 2004 and March 30, 2005. After making numerous inquires with CIS regarding the case status, the FBI name check appeared to be the only reason for the delay in adjudication of Plaintiffs' I-485 applications (Exhibit 1, Plaintiffs' original complaint).

According to CIS processing dates posted on September 15, 2007, the processing time frame for I-485 employment-based adjustment applications in the California Service Center is 6 months (Exhibit 2).

However, Plaintiff Kuan-How Yang's I-485 application has been pending for more than nine years and nine months; and Plaintiff Jui-Ning Yang's I-485 application has been pending for more than six years and two months from the date of filing.

## ARGUMENTS

A. SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over the Plaintiffs' complaint under 28 U.S.C. §1361 (the Mandamus Act) as a matter of law. Under 28 U.S.C. §1361, the district courts have original jurisdiction to any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Courts have also found jurisdiction under the Administrative Procedures Act ("APA") in conjunction with 28 U.S.C. §1331. Under 28 U.S.C. §1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. The APA states: "With due regard for the convenience and necessary of the parties or their representatives, and within a reasonable time, each agency shall proceed to conclude a matter presented to it" 5 U.S.C. § 555(b).  According to *Razag*, 2007 U.S. Dist. LEXIS 770, 2007 WL 61884, "this prescription applies when Congress imposes a duty but does not articulate a specific time frame within which that duty must be honored." The Administrative Procedures Act also obliges reviewing Court to "compel agency action unlawfully withheld or unreasonably delayed". See 5 U.S.C. §706(1).

In addition, based on *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998), a Mandamus relief is appropriate when 1) the plaintiff's claim is clear and certain, 2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and 3) no other adequate remedy is available.

In this instant case, Plaintiffs have the clear and certain right to have their I-485 applications adjudicated in a reasonable time. Section 245 of the INA and 8 U.S.C. §1255(a) is the statue which governs application for adjustment of status.  It provides that "the status of an alien who was inspected and admitted or paroled into the United States…may be adjusted by the Attorney General, in his

3

discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." 8 U.S.C. §1255(a).  It has been established a plaintiff has a clear right to the relief for adjustment of status applications. *Yu v. Brown*, 36 F. Supp. 2d at 930-932. As shown in *Wu v. Chertoff*, et al., 2007 W.L 1223858, (N.D. Cal. 2007), the Court also concluded a clear and certain right exists to have an immigration status adjustment application adjudicated in a reasonable time frame. Here, Plaintiffs have lawfully filed their adjustment of status applications to CIS, Defendants have not provided any evidence suggesting Plaintiffs did not meet the statutory requirements for adjustment of status applications.  Thus, Plaintiffs have a clear right to the relief for adjustment of status applicants.

Moreover, Defendants have a non-discretionary duty to process Plaintiffs' applications.  Section 209.2 (f) of Title 8 of Code of Federal Regulation states: "…the applicant should be notified by the decision, and if the application is denied, of the reasons for denial…" This statutory text has produced a non-discretionary duty to the Defendants on processing I-485 applications.

While the duty to grant a adjustment of status application is discretionary, the duty to process the applications under § 1255 is non-discretionary. See *Liu v. Chertoff*, 2007 U.S. Dist. LEXIS 61772 (E. D. Cal. 2007).  Besides the above mentioned statues, Courts in this district had found that the CIS, or its predecessor agency, has a non-discretionary duty to adjudicate immigration applications within a reasonable time. See *Gelfer v. Chertoff*, 2007 WL 902382 (N.D. Cal. March 22, 2007), (holding the government agency has a statutorily prescribed duty to adjudicate an adjustment status applications within a reasonable time). *Singh v Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2006), (holding that while its duty to grant an adjusted status is discretionary, its duty to process I-485 application under § 1255 is non-discretionary). *Aboushaban v. Mueller*, No. C 07-1280 BZ, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006), (holding that the duty to adjudicate a plaintiff's I-485 application is non-discretionary). Also see *Razaq v. Poulos*, No, 06-2461, 2007 U.S. Dist. LEXIS 1067 (N.D. Cal. 2006).

In this instant case, Plaintiffs are seeking an order directing CIS and FBI to expedite the adjudication of their I-485 applications.  From the evidence presented above, Plaintiffs' claim is clear and certain and Defendants have a non-discretionary duty to adjudicate their applications.  Also, obviously

there is no other remedy available. In light of the fact that their applications have been pending more than nine years and nine months, and six years and two months respectively, therefore, a mandamus relief is appropriate.

B. UNREASONABLE DELAY

Based on APA Section 555(b), the action of an administrative agency such as CIS should be concluded within a reasonable time. *Haidari v. Frazier*, 2006 U.S. Dist. LEXIS 89177 (D. Minn. 2006) Mandamus relief is appropriate when the delay on processing an adjustment of status application is "unreasonable delay".

According to *Yu v. Brown*, 36 F. Supp. 2d at 934, there are six factors that can assist the Court on determining whether the delay is an unreasonable delay. They include 1) time agencies take to make decisions must be governed by the rule of reason; 2) where Congress has provided a timetable or other indication of speed it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; 3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; 4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing authority; 5) the court should also take into account the nature and extent of the interests prejudiced by delay; and 6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

Also, another factor in determining whether a delay is unreasonable is the source of delay, such as the complexity of the investigation and the defendant's own participation in the delay. *Singh v. Still*, No. 06-2458, 2007 U.S. Dist. LEXIS 16334 (N.D. Cal. 2007). "While Congress has not provided a clear statutory benchmark by which the Court can determine a delay is unreasonable under 5. U.S.C. § 555(b)…Court can determine whether the delay is unreasonable based on the facts of each case". See *Tang v. Chertoff*, No. 07-10231, 2007 U.S. Dist. LEXIS 46030 (D. Mass. June 26, 2007) and *Yu v. Brown*, 36 F. Supp. 2d at 935.

Although the Congress has not imposed a specific time frame on processing adjustment applications, the CIS is required to complete the adjudication of I-485 applications presented to it within a reasonable time. Section 202 of Title II of the American Competitiveness in the Twenty-First Century Act of 2000 ("AC21") provides that immigrant applications should be completed no later than 180 days after initial filing. "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application…" 8 U.S.C. §1571. Section 106(c) of AC21, which permits an I-485 applicant to change employer due to a long pending adjustment of status application also integrated this 180 days time line into the policy. 8 U.S.C. §1154(j). Given the fact that the Plaintiffs' I-485 applications have been pending for over nine years and nine months, and six years and two months respectively, it is undoubtedly the delay on processing of those applications are unreasonable.

In addition, according to the case of *Konchitsky*, 2007 WL 2070325, the average times for processing applications, and for conducting security checks, are a good indicator of whether a delay is reasonable. As indicated in the processing time report posted on September 15, 2007, the CIS's own processing time for I-485 employment-based adjustment applications at the California Service Center is six months (See Exhibit 2).

Also shown in recent record, summary judgment on factually similar mandamus cases have been granted by Courts in this District regarding to the duty owed by CIS to adjudicate a plaintiff's I-485 application within a reasonable time. See *Dong & Chen v. Chertoff,* No. 07-0266, 2007 U.S. Dist. LEXIS 68536 (N.D. Cal. 2007) (application pending for two years); *Okunev v. Chertoff*, No. 07-00417, 2007 U.S. Dist. LEXIS 53161 (N.D. Cal. July 11, 2007) (application pending for over three years). Other Courts have also found cases where adjustment of status applications pending for over 12 to 36 months unreasonable as a matter of law. *See Chaudry v. Chertoff*, No. 06-1303, 2006 U.S. Dist. LEXIS 66842 (D. Minn. 2006) (application pending for 17 months); See *Li v. Chertoff*, No. 07-50, 2007 U.S. Dist. LEXIS 53309 (D. Neb. June 19, 2007) (application pending for approximately two years); *Liu v. Chertoff,* No. 06-2808, 2007 U.S. Dist. LEXIS 50173 (E.D. Cal. July 11, 2007) (application pending more than two and

a half years); *Tjin-A-Tam v. United States Dep't of Homeland Sec.*, No. 05-23339, 2007 U.S. Dist. LEXIS 17994 (S.D. Fla. 2007) (application pending for more than three years); *Haidari v. Frazier*, *No. 06-3215, 2006 U.S. Dist. LEXIS 89177 (D. Minn. 2006)* (two applications had been pending for four years and one had been pending for six years).

As for the processing time frame regarding FBI name check, according to CIS's own Fact Sheet regarding immigration security checks, it states that initial responses to the name check take 2 weeks for which 80 percent no match is found. The other 20 percent are resolved within 6 months. "Less than one percent of case subject to FBI name check remain pending longer than 6 months" (Exhibit 3). Plaintiffs' applications appear to fall within this small percentage.

However, Defendants had not provide any evidence suggesting Plaintiffs' applications are particularly "complex" that required an extended delay of nine years and nine months, and six years and two months respectively, far longer than the 180 days timeframe suggested by the Congress. The Defendants also did not indicate there is a positive match or other "sensitive" information surfaced regarding Plaintiffs' background check. Indeed, no information has been presented by the Defendants rationalizing the long delay of Plaintiffs' applications.

Furthermore, Defendants have attributed the delay on adjudication of Plaintiffs' applications to the delay on FBI name check clearance. Referring to a similar mandamus case, *Singh v. Still*, No. C 06-2458, 2007 U.S. Dist. LEXIS 16334 (N.D. Cal. 2007), the Court has granted summary judgment on mandamus relief for two I-485 applications when the delay is related to FBI name check. In this Singh case, the CIS attempted to shift the blame for the delay to FBI name check and use "national security" as the reason of delay. However, the Court found that the CIS had the non-discretionary duty to process the applications within a reasonable time and concluded that "even if the FBI were largely responsible for the delay as respondents suggest, its conduct would properly be within the scope of the complaint herein." It further claimed that "mere invocation of national security is not enough to render agency delay reasonable per se." Also shown in the case of *Paunescu*, 76 F. Supp. 2d at 903 n.2, the court rejected defendants' attempts to "deftly transfer blame and responsibility from one governmental entity to another" because "the INS, the FBI, and the State Department are all arms of the United States of American". Also see

*Tong v. Chertoff*, No. 07-10231, 2007 U.S. Dist. LEXIS 46030 (D. Mass. June 26, 2007), (holding mere invocation of national security, without explanation on how it caused delay, is insufficient to justify delay).

To summarize the above, in this case at hand, Defendants have not presented any evidence indicating such delay is attributable to Plaintiffs nor have the Defendants explained the reason for such extended delay. Thus, even there is no specific time frame imposed on Defendants to process an adjustment of status application, a delay of more than nine years and nine years, and six years and two months is clearly unreasonable. Therefore, the delay on Plaintiffs' adjustment application is unreasonable delay.

Plaintiffs' I-485 applications have been pending over nine years and nine months, and six years and two months respectively. The above evidences have clearly established Plaintiffs have a clear and certain right for the relief of their applications, and Defendants have a non-discretionary duty to adjudicate Plaintiffs' adjustment of status applications within a reasonable time. The Defendants have not provided any evidence against the Plaintiffs' eligibility for their adjustment applications, nor have the Defendants presented explanation on such long-time delay is reasonable. Defendants cannot simply hide behind FBI name check to continue the endless delay on Plaintiffs' I-485 applications.

The delay on adjudication of their adjustment of status applications has adversely affected Plaintiffs in many ways, such as human health and welfare. *Singh v. Chertoff*, 470 F. Supp. 2d at 1069. Plaintiffs are unable to pursue a future action, such as immigrating close family members, due to the uncertainty of their adjustment applications. They need to repeatedly apply and pay for extensions of their employment authorization and travel documents, as they are limited to increments not to exceed one year, which limits Plaintiffs' ability to change employment or travel abroad freely. 8 C.F.R § 274 a.12 (c)(9). Moreover, Plaintiffs' opportunity to apply for naturalization is further delayed as it requires five year lawful permanent resident status to be eligible.

In light of the fact that Plaintiffs have made a clear and certain claim, Defendants have a non-discretionary duty to adjudicate Plaintiffs' adjustment of status applications, and no other adequate

remedy is available, the mandamus relief is appropriate and should be granted.

## **CONCLUSION**

For the reasons set forth herein, it has clearly demonstrated that the Court has subject matter jurisdiction over Plaintiff's complaint and Defendants have unreasonably delayed the Plaintiffs' adjustment applications, Plaintiffs hereby respectfully request that the Court grant summary judgment in favor of the Plaintiffs and a writ of mandamus be issued against all Defendants.

Dated: September 27, 2007                                          Respectfully submitted,

                                                                                          Stanley Chao
                                                                                          Attorney for Plaintiff